EUGENIO RODRÍGUEZ-SUÁREZ, Plaintiff and Appellant, *v.* STAR FRUIT COMPANY, Defendant and Appellee.

No. 4482. Argued January 30, 1928.—Decided February 15, 1928.

*Miguel García González* for the appellant. *R. Cuevas Zequeira* and
*O. M. Wood* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

The plaintiff appealed from a judgment against him and
on the day of filing his notice (July 26, 1927) he presented
a motion under the provisions of Act No. 27 of 1917 asking
the court to direct the stenographer to prepare a transcript
of the evidence. On July 28, 1927, the court ruled on that
motion as follows: "As moved for."

On the 11th of the following August the appellant, relating
the foregoing facts and alleging that he had been informed
that the transcript could not be prepared because the
stenographer was on vacation, moved for "an extension of
thirty days from the date of expiration of the statutory period
of twenty days," and two days thereafter the court ruled
on that motion in the same language: "As moved for."
Subsequently the stenographer was granted extensions which
are yet running.

At this stage the appellee moved this court to dismiss the
appeal because "the ruling made . . . . on July 28, 1927, is
void and of no legal effect . . . . in that it does not comply
with the provision of section 2 of Act No. 27, . . . . inasmuch
as the court has made no order by which the stenographer
is obliged to transcribe the record faithfully and completely
. . . . and the defendant alleges also that the extension of

thirty days granted by virtue of the motion of August 11, 1927, is void because it is vague and indefinite by reason of its having been granted from a date which had not been fixed legally . . . ."

We fully agree with the appellee that the court should have made a formal order addressed to the stenographer. This is the practice that ought to be followed. But we do not agree as to the consequences which the appellee contends that the appellant should suffer because of the action of the court.

The motion of the appellant of July 27, 1927, complies with all of the legal requirements and the words "as moved for" used by the court constitute a legal formula established by old usage and meaning that every request of the motion is granted as moved for and according to law.

Under these circumstances it can not be held that there was failure to act. The stenographer was ordered by implication to prepare the transcript within the statutory period of twenty days. As that period had a definite starting point, it can not be held that the other ruling "as moved for" on the motion for an extension of August 11, 1927, is void.

Some complication might have arisen if the appellant had been neglectful and the stenographer had not taken notice; but as the appellant moved for and secured the first extension in time and the stenographer then, in compliance with the order of the court referred to in the first "as moved for," acted accordingly by seeking extensions in order to comply, it must be concluded that the appeal should not be dismissed.